# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

LORENZO A. MARTINEZ-GONZALEZ,

Petitioner,

v.

ALEXANDER RODRIGUEZ-MADERA, ET AL.,

Respondents.

CIVIL NO. 13-1005 (SEC)

## OPINION AND ORDER

In view of the petitioner's failure to show cause why this case should not be dismissed for failure to exhaust state remedies, his § 2254 motion is **DENIED**.

### Factual and Procedural Background

Section 2254 petitioner Lorenzo A. Martínez-González filed the instant action on January 3, 2013. Docket # 2. Because it appeared from the face of his petition that he had failed to exhaust state remedies, he was ordered to show cause why it should not be dismissed for failure to exhaust state remedies. Docket # 3 (citations omitted); see Mayle v. Felix, 545 U.S. 644, 656 (2005) ("Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading.") (alterations in original). The petitioner neither requested an extension of time nor complied with the show cause order.

### Standard of Review

A petition for writ of habeas corpus may be brought by a person in custody pursuant to the judgment of a state court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). But an application for a writ of habeas corpus under this section shall not be granted unless it appears "that the applicant has exhausted the

**CIVIL NO. 13-1005 (SEC)** Page 2

remedies available in the courts of the State." Id. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) (finding that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of Section 2254, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Baldwin v. Reese, 541 U.S. 27, 32 (2004), the Court held that a claim cannot be exhausted if it is not presented directly to the State's highest court. Moreover, a petitioner for federal habeas review must present claims to the State's highest court irrespective of whether that court's review is discretionary. O'Sullivan, 526 U.S. at 839.

The purpose of the exhaustion doctrine, which "fosters respectful, harmonious relations between the state and federal judiciaries," Wood v. Milyard, 132 S.Ct. 1826, 1833 (2012) (citation omitted), is to give the State "the opportunity to correct alleged violations of its prisoners' federal rights," Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam), and "a full and fair opportunity to address and resolve the [federal] claim on the merits." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992). The Supreme Court has described the exhaustion doctrine as "'a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490 (1973) (citation omitted).

In Puerto Rico, the filing and disposition of a motion under Puerto Rico Criminal Procedure Rule 192.1, P.R. Laws Ann. tit. 34, App. II, R. 192.1, is a prerequisite to state habeas corpus relief.[1] Said differently, the prisoner must first seek post-conviction collateral relief

---

[1] Puerto Rico Law No. 18 of April 11, 1968 ("Law 18") provides the right to request the issuance of the common-law writ of habeas corpus. P.R. Laws Ann. tit. 34, § 1741. Law 18 explicitly states that "[n]o judge shall consider a writ of habeas corpus prosecuted by an inmate imprisoned by virtue of a final judgment which has not exhausted the remedy provided by Rule 192.1 . . . ." Id. at §

under this rule. The order entered by the Puerto Rico Court of First Instance is then appealable to the appeals court, and subsequently to the Supreme Court of Puerto Rico. Díaz-Castro v. Roman-Roman, 683 F.Supp.2d 189, 192 (D.P.R. 2010). After exhausting Rule 192.1 remedies, but prior to filing a petition for federal habeas relief, the prisoner <u>may</u> then seek habeas relief in the state courts. Id.; Romero-Hernández v. Matias-De León, 796 F.Supp.2d 290, 293 (D.P.R. 2011).

"Although the language [requiring exhaustion in 28 U.S.C. § 2254(c)] could be read to effectively foreclose habeas review by requiring a state prisoner to invoke any possible avenue of state court review, we have never interpreted the exhaustion requirement in such a restrictive fashion. . . . Section 2254(c) requires only that state prisoners give state courts a <u>fair</u> opportunity to act on their claims." O'Sullivan, 526 U.S. at 844 (emphasis in original). Accordingly, a petitioner seeking relief under 2254 must complete at least <u>one</u> full round of post-conviction relief by pursuing the remedy provided by Rule 192.1 <u>all the way</u> to the Puerto Rico Supreme Court. See id. (holding that "state prisoners must give the state courts <u>one</u> full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added); accord González-Rivera v. Commonwealth of Puerto Rico, No. 06-1946, slip op. at 2 (1st Cir. Aug. 1, 2007) (per curiam) (mem.) (finding that petitioner satisfied exhaustion requirement "by completing one complete round of post-conviction relief pursuant to Rule 192.1" and that district court erred by also requiring that he seek habeas relief in Commonwealth courts); Cruz-Gonzalez v. Saliva, No. 07-2117, 2009 WL 3199842, at *2-3 (D.P.R. Sept. 30, 2009).[2]

---

1741(c).

[2] But if a petitioner fails to litigate his collateral attack under Rule 192.1 <u>all the way</u> to the Supreme Court of Puerto Rico, he would then be obliged to "pursue one complete round of post-conviction relief under the local habeas statute [Law 18]," prior to seeking federal relief. Quinones-López v. Administración de Corrección en Puerto Rico, No. 09-1429, 2009 WL 3199827, at *2 (D.P.R.

**Applicable Law and Analysis**

The petitioner's failure to show cause constitutes a tacit admission that he never filed a Rule 192.1 motion in state court, thereby failing to exhaust state remedies. As the petitioner ran afoul of the state exhaustion doctrine, this case is not ripe for federal adjudication. The court thus dismisses Martinez-Gonzalez's petition for failure to exhaust state court remedies. To be sure, dismissal is without prejudice, as the exhaustion of state remedies requirement "[d]oes not usually foreclose, but only postpones federal relief." Diaz–Castro, 683 F.Supp.2d at 193 (quoting Camacho v. Commonwealth of P.R., 343 F.Supp.2d 63, 65 (D.P.R. 2004)).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). For the reasons stated, this decision is neither wrong nor debatable. The petitioner's COA is thus **DENIED**.

**Conclusion**

Accordingly, the petitioner's § 2254 motion is **DENIED**, and this case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of February, 2013

                                                          S/ *Salvador E. Casellas*
                                                          SALVADOR E. CASELLAS
                                                          U.S. Senior District Judge

---

Sept. 30, 2009).